# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

HSBC BANK USA, N.A.,

               Plaintiff,

   v.

IRIS WU, *et al.*,

               Defendants.

Case No. 2:16-cv-02786-APG-CWH

**ORDER DENYING MOTION TO LIFT STAY**

(ECF No. 7)

      This is one of many disputes over the effect of a nonjudicial foreclosure sale conducted by a homeowners association ("HOA") after the prior owner failed to pay HOA assessments. On August 12, 2016, a divided Ninth Circuit panel in *Bourne Valley Court Trust v. Wells Fargo Bank* held that Nevada Revised Statutes Chapter 116's HOA nonjudicial foreclosure scheme, as it existed before the statutory scheme was amended in 2015, "facially violated mortgage lenders' constitutional due process rights." 832 F.3d 1154, 1155 (9th Cir. 2016); *but see id.* at *6-11 (Wallace, J., dissenting). I previously stayed this case pending issuance of the mandate in *Bourne Valley* because counsel for the purchaser in that case had indicated that he would be filing a motion for panel rehearing and rehearing en banc. ECF No. 6. Those motions were denied and the mandate issued on December 14, 2016. *Bourne Valley Court Tr. v. Wells Fargo Bank*, 9th Cir. Dkt. No. 15-15233, ECF Nos. 75, 76.

      Plaintiff HSBC Bank USA, N.A. moves to lift the stay. However, the Supreme Court of Nevada recently decided *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, holding that "the Due Process Clauses of the United Sates and Nevada Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien." 388 P.3d 970, 975 (Nev. 2017). The losing parties in both *Bourne Valley* and *Saticoy Bay* have indicated they intend to file petitions for certiorari in the United States Supreme Court. Because *Bourne Valley* and *Saticoy Bay* reached opposite conclusions, the constitutionality of Nevada's HOA nonjudicial

1   foreclosure scheme may be decided by the United States Supreme Court. *See* Sup. Ct. R. 10(b)

2   (identifying as a compelling reason for granting certiorari that "a state court of last resort has

3   decided an important federal question in a way that conflicts with the decision . . . of a United

4   States court of appeals"). I therefore continue the stay in this case pending a decision on the

5   petitions for certiorari in *Bourne Valley* and *Saticoy Bay*.

6       A district court has the inherent power to stay cases to control its docket and promote the

7   efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936);

8   *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

9   When determining whether to stay a case pending the resolution of another case, I must consider

10  (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party

11  may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of

12  the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.

13  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). I find that a *Landis* stay is

14  appropriate here.

15      The crux of the parties' dispute is whether the HOA foreclosure sale extinguished the

16  deed of trust. If the HOA sale was void because Chapter 116 is facially unconstitutional, then the

17  parties' dispute is, in large part, resolved or at least simplified. The Supreme Court's

18  consideration of the petitions in *Bourne Valley* and *Saticoy Bay* thus could be dispositive of this

19  case, or at least of significant issues in the case. As the jurisprudence and the parties' arguments

20  in this area evolve, the parties file new motions or move to supplement the pending briefs,

21  burdening our already-busy docket. *Bourne Valley* and *Saticoy Bay* no doubt will inspire more

22  motions and supplements. Staying this case pending the Supreme Court's disposition of the

23  petitions in *Bourne Valley* and *Saticoy Bay* will permit the parties to present arguments and

24  evidence in the context of complete and resolved precedent, and it will allow me to evaluate the

25  claims in light of this legal authority. Consequently, a stay pending the disposition of the

26  certiorari proceedings will simplify the proceedings and promote the efficient use of the parties'

27  and the court's resources.

28

1    Resolving the claims or issues in this case before the Supreme Court decides whether to

2    grant or deny the petitions could impose a hardship on both parties. A stay will prevent

3    unnecessary or premature briefing on *Bourne Valley* and *Saticoy Bay*'s impact on this case.

4    The potential damage that may result from a stay is that the parties will have to wait

5    longer for resolution of this case and any motions that they intend to file in the future. But a

6    delay would also result from new briefing that may be necessitated if the Supreme Court grants

7    certiorari. So a stay pending the Supreme Court's decision will not necessarily lengthen the life

8    of this case. Any possible damage that a stay may cause is minimal.

9    Finally, I expect the stay pending the Supreme Court's disposition of the petitions for

10   certiorari to be reasonably short. The petition in *Bourne Valley* was filed on April 3, 2017. The

11   petition in *Saticoy Bay* is due April 25, 2017. The length of this stay is tied to the Supreme

12   Court's decision on the petitions for certiorari, so the stay will be reasonably brief and is not

13   indefinite.[1] The stay will remain in place until the proceedings in the Supreme Court have

14   concluded.

15   IT IS THEREFORE ORDERED that plaintiff HSBC Bank USA, N.A.'s motion to lift

16   stay **(ECF No. 7) is DENIED**.

17   IT IS FURTHER ORDERED that this case is administratively **STAYED**. Once the

18   proceedings in the United States Supreme Court in *Bourne Valley Court Trust v. Wells Fargo*

19   *Bank* and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage* have

20   concluded, any party may move to lift the stay.

21   DATED this 11th day of April, 2017.

22

23                                                    _____

24                                                    ANDREW P. GORDON
                                                     UNITED STATES DISTRICT JUDGE
25

26   _____

27       [1] The Supreme Court of Nevada stayed the issuance of the remittitur in *Saticoy Bay* pending the
     Supreme Court's disposition of the certiorari proceedings. No. 68630, Dkt. No. 17-04543 (Nev. Feb. 8,
28   2017).